[No. A030619. First Dist., Div. One. Jan. 3, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES WINSTON WARREN, Defendant and Appellant.

**COUNSEL**

James M. Hollabaugh, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant Warren was convicted by a jury's verdict of robbery in the course which he used a deadly weapon.

On his appeal from the judgment which was thereupon entered he contends only that: "It was reversible error for the court to substitute Juror #10."

Following the trial jury's impanelment, the superior court directed the calling of two alternate jurors. Such alternate jurors were thereafter examined and unchallenged by the parties, and sworn by the court. Thereafter the cause was tried and submitted to the jury for their verdict. Following such submission, juror number 10, Ms. Dowd, somehow sought an audience with the court, which, with court and counsel, she obtained.

Ms. Dowd declared that she had been "intimidated" by the other jurors, that she was in disagreement with them, that she felt she was going to "break under it," that "I feel so intimidated now that I think I would vote the way the group wants to vote even though I firmly believe I shouldn't," and that "at this stage I'm afraid that I will give in and maybe I won't." Asked by the court if she could comply with the following instruction— "You should not hesitate to change an opinion if you are convinced it is erroneous. However, you should not be influenced to decide any question in a particular way because a majority of the jurors or any of them favor such a decision"—Ms. Dowd replied, "I can't" and "I would say, No."

Ms. Dowd then left the trial court's chambers. There was no indication as to how she wished to vote, although the court and counsel speculated as to that matter.

Thereafter the trial court excused Ms. Dowd, and ordered her replacement with an alternate juror. The newly constituted jury were then directed to *commence their deliberations anew.*

Initially we observe that defendant Warren makes no contention that he had been exposed to double jeopardy, nor that he had unsuccessfully moved for a mistrial.

■ Apposite, we think, are Penal Code sections 1089 and 1123.

As applicable to the problem before us section 1089 states: "If at any time, whether before or after the final submission of the case to the jury, a juror . . . upon . . . good cause shown to the court is found to be unable to perform his duty, . . . the court may order him to be discharged and draw the name of an alternate . . . ."

And, as here relevant, section 1123 provides: "If before the jury has returned its verdict into court, a juror . . . upon . . . good cause shown to the court is found to be unable to perform his duty, the court may order him to be discharged. If any alternate jurors have been selected as provided by law, one of them shall then be designated by the court to take the place of the juror so discharged."

Provided that where the substitution of an alternate is made after commencement of jury deliberations, the new jury is required to start deliberations anew, there "is no doubt that such a substitution does not offend constitutional proscriptions." (See *People* v. *Collins,* 17 Cal.3d 687 [131 Cal.Rptr. 782, 552 P.2d 742], *passim.*)

██ We inquire whether, in the case before us, the trial court reasonably concluded that there was *"good cause"* for Ms. Dowd's dismissal as a juror.

██ It is now settled law that such "good cause" exists when an impaneled juror: "could not perform her duty" as a juror (*People* v. *Collins, supra,* 17 Cal.3d 687, 696); "loses the ability to render a fair and unbiased verdict" (*People* v. *Van Houten,* 113 Cal.App.3d 280, 288 [170 Cal.Rptr. 189]); "cannot be fair and impartial" (*People* v. *McNeal,* 90 Cal.App.3d 830, 840); "loses the ability to render a fair and unbiased verdict" (*People* v. *Farris,* 66 Cal.App.3d 376, 386 [136 Cal.Rptr. 45]); and he "states his doubt as to his ability to perform his duty justly" (*People* v. *Taylor,* 189 Cal.App.2d 490, 495 [11 Cal.Rptr. 480]).

Illustrations of when "good cause" for dismissal of a juror and substitution of an alternate existed, follow.

*People* v. *Collins, supra,* 17 Cal.3d 687, *passim.* The juror was emotionally upset and distraught, and stated that she "could not decide the case on the evidence and the law."

*People* v. *Abbott,* 47 Cal.2d 362, 370-372 [303 P.2d 730]. The defendant's brother worked in the same office as, and 25 feet away from, the dismissed juror.

*People* v. *Green,* 47 Cal.2d 209, 215-216 [302 P.2d 307], overruled on other grounds, *People* v. *Morse,* 60 Cal.2d 631, 649 [36 Cal.Rptr. 201, 388 P.2d 33]. The juror stated she could not be fair, and that she had inadvertently made a false reply on her voir dire.

*People* v. *Van Houten, supra,* 113 Cal.App.3d 280, 285-288. The trial's evidence was causing the juror to be upset and sick forcing her to "tune out" witnesses. A "problem" was whether she would be able "to follow the rest of the case."

And we observe that: "What constitutes good cause rests largely in the discretion of the trial court." (*People* v. *Taylor, supra,* 189 Cal.App.2d 490, 495.)

██ Under the above authority we perceive no abuse of discretion in the trial court's conclusion of good cause for dismissal of Ms. Dowd.

The judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.